## SUPREME COURT.

ROBERT H. BOYD agt. N. DENTON WILKIN, and LEFFERTS G. WILKIN, executor, &c. of HENRY S. WILKIN, dec'd.

In an action against an executor, *costs* will be allowed to the creditor against the estate, where it appears that the executor has *unreasonably resisted* the payment of the claim.

*Kings County Special Term, April,* 1862.

MOTION to compel executor to pay costs upon the ground that he had unreasonably resisted the payment of the plaintiff's demand against the testator.

This action is upon five promissory notes, upon which Henry S. Wilkin, the testator, was indorser, and of which N. Denton Wilkin, the son of the testator, was maker, in all $9,315.

Before commencing the action, the plaintiff and his attorney called upon the executor several times in regard to the payment of the notes; defendant at no time disputed the claim, or denied the liability of the testator as indorser; he at no time set up or claimed that there was any defence

to them.   The executor assigned as a reason for not paying when called upon, an unwillingness to sell the stock and property of his testator to pay the debt.   When sued upon the notes, the executor set up an affirmative defence, which he wholly failed to establish; judgment was rendered in favor of the plaintiff for the amount of the notes.

HOOPER C. VAN VORST, *for plaintiff.*

1. There are two cases in which the court is authorized to allow costs in an action against an executor; one is where the payment is unreasonably resisted; the other, where there has been a refusal to refer.  (3 *R. S.*, *5th ed.*, *p.* 176, § 46.)   But an offer to refer is only requisite when the claim is doubted or disputed.  (*Id.*, *pp.* 175, 176, §§ 41, 43.)

When an executor has doubts of the justice of a claim, he must express them distinctly and clearly.  (*Dayton on Surrogates*, 2d ed., 351.)

An offer to refer on the part of the creditor is not necessary, unless the claim be disputed.   Where the claim is not disputed, but is unreasonably postponed or resisted, then the estate is liable for the resistance.

J. W. FOWLER, *for the executor.*

The executor had grounds for resisting the claim.

There was no refusal on the part of the executor to refer. To be charged with costs he must have refused.

SCRUGHAM, Justice.   This action was commenced on the 5th February, 1861.   The defendant's testator died in October, 1859.   The note first mentioned in the complaint fell due on 15th November, 1859, and the others at successive intervals of three months thereafter, until 15th November, 1860.

It is shown that before either of the notes matured, the plaintiff called upon the defendant in regard to them, and to their payment by him as executor; and that subse-

Boyd agt. Wilkin.

quently, in the year 1860, and after the maturity of some of them, he had several interviews with the defendant upon the same subject. Shortly before the commencementof this action, and some time after the maturity of all of the notes, one of the plaintiff's attorneys called upon the defendant and demanded the payment of them. This was after the time mentioned in the affidavit of the defendant as that at which he was informed of the matters set up in his answer. The plaintiff and his attorney state that at each of these interviews the defendant expressly admitted the liability of the testator's estate for the payment of the notes, and although the defendant contradicts these statements, it is apparent that such liability, if not expressly admitted, was not disputed.

In every three months for the period of a year, one of these four notes became due; payment of each was demanded at maturity, and notice of non-payment given, and the attention of the executor was particularly called to them by the plaintiff on several occasions during that period, and yet he made no inquiries as to the circumstances connected with the making and indorsing of them, until after the last of them had become due, and then sets up an affirmative defence, which, as appears from the referee's report, he failed to sustain by evidence.

From these circumstances, and the unanswered allegations contained in the moving affidavits, I conclude that the defence was instituted rather for the purpose of delaying than in the expectation of defeating the plaintiff's recovery, and therefore that the payment of the claim was unreasonably resisted by the executor.

An order will be entered allowing to the plaintiff his costs and disbursements of this action against the defendant, Lefferts G. Wilkin, executor, &c. of Henry S. Wilkin, deceased, to be entered and included in the judgment to be entered herein, and to be levied of the property and estate of the said Henry S. Wilkin, deceased.